UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Brenda K. Taite

    v.                                         Civil No. 06-cv-428-JM

Paula Morin

**O R D E R**

Before me are (1) the Motion to Substitute the United States for Paula Morin (document no. 5); (2) the Motion to Remand (document no. 9); and (3) the Motion to Challenge the Scope of Employment Certification (document no. 16).

Discussion

Plaintiff brought suit in the Claremont District Court alleging that her co-worker, Paula Morin, threw a calendar at her and struck her in the face. The United States Attorney removed the action and moved to substitute the United States for Ms. Morin certifying that Ms. Morin was "acting within the scope of (her) office or employment at the time of the incident out of which the claim arose . . ." 28 U.S.C. § 2679(d)(1). The Westfall Act provides that the "certification of the Attorney General shall conclusively establish scope of office or employment _for purposes of removal_." § 2679(d)(2) (emphasis

added).

It is clear that the Attorney General can remove and can certify for purposes of removal, but it is equally clear that plaintiff may present her objections to the scope-of-employment certification to this court and have this court determine whether Ms. Morin was acting within the scope of her employment. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 436-37 (1995). The burden is on the plaintiff to show that Ms. Morin was not acting within the scope of her employment at the time of the incident. Schrob v. Catterson, 967 F.2d 929, 936 (3d. Cir. 1992).

The incident occurred in Vermont where both parties worked. The question of scope of employment under the Federal Tort Claims Act is determined by the law of respondeat superior of Vermont, the state where the alleged tortious conduct occurred. See Aversa v. United States, 99 F.3d 1200, 1209 (1996). Under Vermont law conduct is within the scope of employment when:

> *2(a) it is of the kind the servant is employed to perform; (b) it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the master; and (c) in a case in which the force is intentionally used by the servant against another, it is not unexpected by the master.

Brueckner v. Norwich University, 169 Vt. 118, 123, 730 A.2d 1086 (1999) (quoting Restatement (Second) of Agency § 228).

The resolution of this question resolves all motions and cannot be decided without an evidentiary hearing. The Clerk is ordered to schedule the hearing.[1]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: March 5, 2007

cc:   T. David Plourde, Esq.
      Brenda K. Taite, pro se

---

[1] If the parties are prepared to do so the hearing could be held at the time of the preliminary pretrial.