**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Brenda K. Taite

v. Civil No. 06-cv-428-JM

Paula Morin

**O R D E R**

Defendant Paula Morin, through the United States Attorney's Office for the District of New Hampshire (the "US Attorney"), has moved for reconsideration of my April 18, 2007 order (document no. 40) remanding this action back to State court. This action, which arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (the "FTCA"), was before me to review, among other things, the US Attorney's certification that Morin was acting within the scope of her employment at the time and place that the complained of conduct occurred. My remand order formed the conclusion that Morin was not acting within the scope of her employment when the incident giving rise to the claim occurred. Defendant now argues that remand of this action is barred by the recent Supreme Court decision, Osborn v. Haley, __ U.S. __, 127

S. Ct. 881 (2007).[1] Plaintiff objects.

Defendant correctly cites Osborn for the proposition that the FTCA's removal provision conclusively establishes this court's jurisdiction to consider the matter, when the Attorney General certifies that the defendant federal employee was acting within the scope of his office or employment at the time of the challenged incident. See id. at 888-89 (holding that "once certification and removal are effected [pursuant to § 2679(d)(2)], exclusive competence to adjudicate the case resides in the federal court"). In reaching that conclusion, the Court emphasized § 2679(d)(2)'s command that the certification "'shall conclusively establish scope of office or employment for purposes of removal.'" Id. at 895 (quoting 28 U.S.C. § 2679(d)(2)). Removal based on § 2679(d)(2) "categorically precludes a remand to the state court . . . based on the court's disagreement with the Attorney General's scope-of-employment determination." Id.

While a district court cannot reverse the removal itself, the court can reverse the Attorney General's scope of employment certification. See id. at 892-96 (discussing how certification establishes jurisdiction but not immunity). The district court

[1]This argument was not raised in defendant's motion papers or at the March 8, 2007 hearing.

may still "resubstitut[e] the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect." Id. at 894 (emphasis in original). The "principal question" in Osborn parallels the principal question in the case at bar: "whether the United States Attorney validly certified that [Morin] 'was acting within the scope of [her] employment . . . at the time of the conduct alleged in the complaint.'" Id. at 896-97 (quoting defendant's brief). In Osborn, the Court concluded that the factual determination of whether or not the defendant employee was entitled to immunity under the FTCA must be decided by the district court as early in the proceedings as possible. See id. at 898-901 (requiring court to give the parties an opportunity to present their version of the facts). That factual determination may turn on the credibility of the various parties involved, and, under the FTCA, the court must make that decision. See id. at 900-01 (recognizing that judges have a "greater factfinding role in Westfall Act cases than they traditionally have in other immunity contexts").

Consistent with that directive, an evidentiary hearing was held in this matter to determine the accuracy of the US

Attorney's scope-of-employment certification. After carefully considering the evidence and arguments on both sides, I concluded that plaintiff was the more credible witness and, as a result, her version of the events prevailed. Based on the facts presented at the hearing, I concluded that defendant Morin had not acted within the scope of her employment when the complained of conduct occurred, and I resubstituted Morin as the defendant in this matter. See id. at 901 n.18 ("When Westfall Act immunity is in dispute, a district court is called upon to decide who the proper defendant is: the named federal employee, or the United States.").

In this case, as in Osborn, the issue of the validity of the certification "'goes to the heart of the merits.'" Id. at 900 (quoting Wood v. United States, 995 F.2d 1122, 1136-37 (1st Cir. 1993)). In order to decide the appropriateness of the US Attorney's certification here, I was required to make factual findings that were also determinative of the merits of plaintiff's underlying claim of battery. The Court in Osborn anticipated this situation, but declined to set out the proper course for the district court to follow in such circumstances. The Court recognized:

> The overlap of certification validity and the merits of the plaintiff's claim, evident here, is uncommon. It is unlikely to occur when the plaintiff alleges negligent conduct.. . . And even when the plaintiff alleges an intentional tort, it may be possible to resolve the scope-of-employment question without deciding the merits of the claim.. . .

Id. at 900 n.15. While it may be uncommon that resolution of the scope of employment question also necessarily decides the merits of the claim, that is exactly the situation here. By concluding that Morin volitionally caused the calendar to hit Taite, which took the act outside the scope of her employment, the merits of plaintiff's underlying claim were necessarily resolved. See Document no. 1, attachment 2 (Small Claims Complaint alleging Morin threw a calendar which struck plaintiff in the face).[2]

[2]It was undisputed that Morin's job responsibilities included stocking supplies, and the evidence showed that distributing calendars at the beginning of a new fiscal year was done as part of the regular performance of her job. Although the parties disputed whether Taite was hit by the calendar, after considering all the evidence, I concluded that she was struck with the calendar that Morin was distributing. The critical issue for purposes of reviewing the scope-of-employment certification, and determining whether or not the United States could be substituted for Morin as the defendant in this matter, turned on whether Morin was acting negligently or intentionally when the calendar hit Taite. If Morin had testified that she carelessly tossed the calendar into Taite's mail box, which flew farther than expected and inadvertently hit Taite in the face, I would have found she negligently performed one of her job duties and would have upheld the US Attorney's scope of employment certification. Instead, Morin insisted that she carefully placed

In interpreting § 2679(d)(2), the Court in Osborn charged the district court to make such factual determinations. See id. at 900-01 (discussing how § 2679(d)(2) forecloses plaintiff's right to a jury trial). The current posture of this case is consistent with the hypothetical posture the Court discussed in Osborn: "if, after full consideration, the District Court determine[d] that [defendant] in fact engaged in the tortious conduct outside the scope of [her] employment charged in [the] complaint," the court is "'left with a case without a federal question to support the court's subject-matter jurisdiction.'" Id. at 896 (quoting Gutierrex de Martinez v. Lamagno, 515 U.S. 417, 434-35 (1995)).[3] As in Osborn, the court's jurisdiction here is based not on the diversity of the parties but on the

the calendar into the mailbox, which, as explained thoroughly in my April 18, 2007 order, comported neither with other evidence nor with common sense. Because I found that Taite had been hit, and because Morin denied any carelessness or negligence, Taite proffered the only plausible explanation as to how she was struck in the face, which was that Morin threw the calendar at her. The scope of Morin's employment, I found, did not include throwing a calendar at another employee.

[3]The fact that an evidentiary hearing was held and factual determinations were made distinguishes this case from Osborn, where the district court simply rejected the Attorney General's certification, accepted plaintiff's allegations, and failed to give the parties an opportunity to present facts to resolve the immunity question.

federal question of whether defendant can avail herself of the immunity afforded by the FTCA. Osborn reasons that because a significant federal question was raised at the outset of the case, its resolution does not necessarily eliminate the court's power to exercise supplemental jurisdiction over any remaining state-law claims. See Osborn at 896 (citing precedent to discuss the court's discretionary power to exercise pendent and supplemental jurisdiction). Because "the District Court would have discretion, consistent with Article III, to retain jurisdiction, . . . the Westfall Act's command that a district court retain jurisdiction over a case removed pursuant to § 2679(d)(2) does not run afoul of Article III." Id. at 896.

This language instructs that a district court should continue to exercise its jurisdiction over actions, like the one at bar, even when no federal question remains after the court's review of certification. Osborn also would appear to instruct this court to retain jurisdiction, even though the merits of the state law claim have already been determined. See id. at 894 (establishing federal jurisdiction "*for purposes of trial* if the court determines, postremoval, that the scope-of-employment certification was incorrect" (emphasis in original)).

Accordingly, after carefully considering defendant's argument and reviewing Osborn v. Haley, I reverse my April 18, 2007 order, but only to the extent that the matter was remanded back to small claims court.

**Conclusion**

For the reasons set forth above, defendant's motion to reconsider (document no. 44) is granted. Consistent with this ruling, the clerk's office is ordered to reopen the case.

This decision results in the very unusual situation in which a case has been decided on the merits at its initial stage of review. Neither party has asked for a jury trial, and at this juncture such a request would be denied. See Fed. R. Civ. P. 81(c) (applying federal procedural rules to removed cases) and 38(b) (governing demands for jury trial); see also Pawlak v. Met. Life Ins. Co., 87 F.R.D. 717, 718 (D. Mass. 1980) (discussing when jury demand must be made in removed cases). The only issue remaining is the question of damages, which shall be determined following a bench trial on the matter. A trial on the issue of damages is set for August 30, 2007 at 9:00 a.m. The final pretrial conference is set for August 20, 2007 at 10:00 a.m.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: July 11, 2007

cc: T. David Plourde, Esq.
Brenda K. Taite